**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| JORGE L. PONS, JR., | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:05-CV-237-A |
| | § | |
| DOUGLAS DRETKE, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

**I. FINDINGS AND CONCLUSIONS**

A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

B. PARTIES

Petitioner Jorge L. Pons, Jr., TDCJ-ID #1057475, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Beaumont, Texas.

Respondent Douglas Dretke is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

C. FACTUAL AND PROCEDURAL HISTORY

In January 2001, Pons was charged by indictment in state court with aggravated robbery with

a deadly weapon. (Clerk's R. at 3.)  At trial, the evidence showed that in the early morning hours of October 19, 2000, two masked men entered an EZ Mart convenience store in Tarrant County, Texas. (4Reporter'r R. at 23.)  One of the two brandished a gun, threatened the store clerk, and demanded that the clerk open the safe. (*Id.* at 23-40.)  The clerk told the men that he was unable to open the safe and to take the money in the register. (*Id.* at 23-40.)  The two took the money and a strip of scratch off lottery tickets and escaped in a car driven by a third individual. (*Id.*)  A police chase ensued, and eventually the three abandoned the car. (*Id.* at 47-52.)  The driver was caught by police and arrested. (*Id.*)  The masks and lottery tickets were seized from the getaway car. (*Id.* at 52, 69-72.)   Pons's fingerprints were found on the car and a lottery ticket. (5Reporter's R. at 14-15.)  Pons did not testify, but called Brandon Guillory as an alibi witness. (*Id.* at 39-54.)

Based on the evidence, the jury found Pons guilty of the charged offense as a party participant and assessed his punishment at fifty years' confinement and a $3,500 fine. (Clerk's R. at 62, 69.) Pons appealed his conviction, but the Second District Court of Appeals affirmed the trial court's judgment and the Texas Court of Criminal Appeals refused his petition for discretionary review. *See Pons v. Texas*, No. 2-01-359-CR, slip op. (Tex. App.–Fort Worth Jan. 30, 2003); *Pons v. Texas*, PDR No. 332-03.  Pons did not seek writ of certiorari. (Petition at 3.)

Pons has filed two state applications for writ of habeas corpus. The first was denied without written order by the Texas Court of Criminal Appeals, and the second was dismissed under the Texas abuse-of-the-writ doctrine . *Ex parte Pons*, Nos. 58,294-01 & 02, at cover. *See also* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4 (Vernon 2005). Pons filed this federal petition for writ of habeas corpus on March 7, 2005 in the United States District Court for the Eastern District of Texas, Beaumont Division, and the action was subsequently transferred to this court by order dated March

14, 2005. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding pro se habeas petition filed when papers delivered to prison authorities for mailing).

D. ISSUES

In two grounds, Pons claims that (1) there was no evidence or insufficient evidence to support a guilty verdict, and (2) his sentence is illegal. (Petition at 7.)

E. RULE 5 STATEMENT

Dretke believes that Pons's claims are unexhausted as required by 28 U.S.C. § 2254(b)(1)(A) and procedurally defaulted. (Resp't Answer at 3-6.)

F. EXHAUSTION

Applicants seeking habeas corpus relief under § 2254 are required to exhaust all claims in state court before requesting federal collateral relief. 28 U.S.C. § 2254(b)(1); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest court of the state. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-48 (1999); *Fisher*, 169 F.3d at 302; *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). In Texas, the highest state court for criminal matters is the Texas Court of Criminal Appeals. *Richardson v. Procunier*, 762 F.2d 429, 431-32 (5th Cir. 1985). Thus, a Texas prisoner may satisfy the exhaustion requirement by presenting both the factual and legal substance of a claim to the Texas Court of Criminal Appeals in either a petition for discretionary review or a state habeas corpus proceeding pursuant to article 11.07 of the Texas Code of Criminal Procedure in a procedurally proper manner. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07; *Depuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988).

In Pons's first state habeas application filed on February 5, 2004, among other claims, he

raised his insufficiency claim, in part, for the first time.  Although the Court of Criminal Appeals stated no reasons when it denied Pons's first application, that court has long held that the sufficiency of the evidence may only be raised on direct appeal and may not be raised in a state habeas proceeding.  *See West v. Johnson*, 92 F.3d 1385, 1389 n.18 (5th Cir. 1996); *Ex parte McLain*, 869 S.W.2d 349, 350 (Tex. Crim. App. 1994).  Indeed, the court in *Ex parte Grigsby*, 137 S.W.3d 673, 674 (Tex. Crim. App. 2004), reaffirmed that where a state habeas applicant challenges the sufficiency of the evidence in a state habeas application and the court subsequently disposes of the application by entering a denial without written order, the applicant's sufficiency claim was denied because it was not cognizable.  This procedural default in state court is an adequate state procedural ground barring federal habeas review.  *See Ylst v. Nunnemaker*, 501 U.S. 797, 801- 07 (1991).

Furthermore, article 11.07 of the Texas Code of Criminal Procedure prohibits a second habeas petition if the petitioner urges grounds therein that could have been, but were not, raised in his first habeas petition.  *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4; *Ex parte Barber*, 879 S.W.2d 889, 891 n.1 (Tex. Crim. App. 1994).  Pons raised his sentencing claim for the first time in his second state habeas application filed on October 11, 2004, which was dismissed as abusive by the Texas Court of Criminal Appeals.  *Ex parte Pons*, No. 58,294-02.  The Court of Criminal Appeals applies the abuse of the writ doctrine regularly and strictly, and the doctrine is an adequate and independent state procedural bar for purposes of federal habeas review.  *Henderson v. Cockrell*, 333 F.3d  592, 605 (5th Cir. 2002), *cert.* denied, 540 U.S. 1163 (2004).

Federal habeas corpus relief is unavailable in the face of a state procedural default unless the petitioner can show (1) cause for the default and actual prejudice, or (2) that the federal court's failure to consider the claim will result in a miscarriage of justice, i.e., that the petitioner is actually

4

innocent of the crime.  *Sawyer v. Whitley*, 505 U.S. 333, 339-40 (1992); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Finley v. Johnson*, 243 F.3d 215, 219-20 (5th Cir. 2001).  Pons has not given any explanation to excuse his default.[1]  Nor has he demonstrated that failure to consider his claims will result in a miscarriage of justice, i.e., that he is innocent of the crime for which he was charged and convicted.  Accordingly, Pons's claims are procedurally barred from federal habeas review.  *See Coleman*, 501 U.S. at 750-51.

## II.  RECOMMENDATION

Based on the foregoing, Pons's petition for writ of habeas corpus should be denied.

## III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document.  The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until September 22, 2005.  The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings,

---

[1] Pons did not reply to Dretke's answer, however, Pons asserted in his second state habeas application that he learned he could still challenge his illegal sentence after his first state application had been filed.  This is the type of claim, however, that Pons could or should have known before filing his first state application. The fact that Pons has proceeded pro se in his quest for postconviction relief and that he lacks legal training and knowledge does not establish cause to excuse a procedural default.  *See Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000); *Unites States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993); *Woods v. Whitley*, 933 F.2d 321, 323 (5th Cir. 1991).

conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

### IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until September 22, 2005, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED September 1, 2005.

        /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE